UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DR. A. CEMAL EKIN, individually and on behalf of similarly situated individuals,<br><br>                    Plaintiff,<br><br>    v.<br><br>AMAZON SERVICES LLC, a Nevada limited liability company,<br><br>                    Defendant. | NO.  2:14-cv-00244<br><br>COMPLAINT – CLASS ACTION<br><br>**JURY DEMAND** |

## I.   PARTIES

1.1   *Plaintiff Ekin*.   A. Cemal Ekin, Ph.D. ("Dr. Ekin" or "Plaintiff") is a resident of the state of Rhode Island.  Dr. Ekin, individually and on behalf of a class of persons and/or entities similarly situated, brings this action for damages and such other relief as may be available against Defendant.

1.2   *Defendant Amazon*.  Amazon Services LLC ("Amazon" or "Defendant") is a Nevada limited liability company headquartered in Seattle, Washington.  It, and Amazon.com and affiliates, form the world's largest online retailer.

## II.   JURISDICTION AND VENUE

2.1   *Jurisdiction*.   This Court has subject matter jurisdiction by virtue of diversity of citizenship.  28 U.S.C. 1332.  Plaintiff is a citizen and resident of Rhode Island.  Defendant is a Nevada limited liability company headquartered in the state of

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

Washington.   It is wholly owned by Amazon.com, Inc., a Delaware corporation headquartered in the state of Washington.   The amount in controversy exceeds $75,000 exclusive of interest and costs.

2.2   *Venue.*  Under the Terms and Conditions of Plaintiff's and each proposed class member's Amazon Prime Program membership agreement, which incorporates Amazon's Conditions of Use agreement:

> Any dispute … in which the aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 shall be adjudicated in any state or federal court in King County, Washington….  [That court shall have] exclusive jurisdiction and venue.

### III.  FACTUAL ALLEGATIONS

3.1   *The Amazon Prime Program*.  Throughout the class period, purchasers on Amazon.com could join the Amazon Prime Program ("Prime Program") by paying Amazon a $79 annual membership fee.   In return, Amazon agreed that "Prime Program Members" would receive free shipping for items:  (a) purchased from third-party vendors that participate in the Prime Program; and (b) designated on the relevant website as ✔*Prime*.   Until February 22, 2011 (the end of the class period), free shipping on items designated as Prime-Eligible was the exclusive benefit of Prime Program membership.   The term "Prime-Eligible" refers to all goods for sale on the relevant website that are designated ✔*Prime*.

3.2   *Amazon's Agreement that Shipping Charges Would Not Be Included in Prices of Items Offered as Prime Eligible*.  In return for the annual $79 Prime Program membership fee, Amazon promised and agreed with Prime Program Members:  (a) to provide free shipping on any and all Prime Program Member purchases of Prime-Eligible items; and (b) that shipping charges would not be included in the prices of items offered for sale as Prime Eligible.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

3.3     ***Third-Party Vendor Participants.***  Fulfillment by Amazon ("FBA") is a service offered by Amazon to third-party vendors.  Under FBA, the third-party vendor pays Amazon certain fees.  In return, Amazon warehouses goods, fills orders, boxes and ships, provides customer service and handles returns, and provides payment collection on third-party-owned goods sold on Amazon.com and other websites. Third-party vendors who participate in the FBA are referred to as "FBA Vendors." Amazon allows and encourages FBA Vendors to list items for sale  as Prime-Eligible, thus promising that the items would be sold without charging for shipping.

3.4     ***Amazon Induces FBA Vendors to Mark Up the Prices of Prime-Eligible Items to Include Shipping Charges.***  During the class period:  (a) Amazon advised FBA Vendors to include the amount they would have charged for shipping in their item prices in order to maximize total revenue and profit margins; and (b) FBA Vendors increased their prices to Prime Program Members by the amount they charged others for shipping without revealing that a portion of those prices was for shipping fees. Amazon disguised this price increase by giving priority to FBA Vendors, showing their items first in the results of a Prime Member's product search.

3.5     ***Raising Prime-Eligible Item Prices by Shipping Charges Increases Amazon's FBA Fees and Allows Amazon to Capture its Shipping Costs***.  Amazon charges FBA Vendors a "referral fee," which is a percentage of the price of the Prime-Eligible item.  Increasing an FBA item price by an amount equal to normal shipping charges—as recommended by Amazon—results in (a) a higher referral fee paid by FBA Vendors to Amazon; and (b) the direct and immediate recovery by Amazon, in whole or in part, of its cost of "free" shipping, contrary to its contractual obligations to Prime Program Members, and contrary to FTC guidelines, which read:

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

(b) *Meaning of "Free."*

(1) (W)hen the purchaser is told that an article is "Free" to him if another article is purchased, the word "Free" indicates that he is paying nothing for that article and no more than the regular price for the other.  <u>Thus, a purchaser has a right to believe that the merchant will not directly and immediately recover, in whole or in part, the cost of the free merchandise or service by marking up the price of the article which must be purchased</u>….

16 C.F.R. § 251.1(b)(1) (underlining added).

3.6    ***Dr. Ekin's Prime Program Membership***.  From December 2008 through December 2010, Dr. Ekin was an Amazon Prime Program Member and paid the annual membership fee of $79 to Amazon.  In return for the $79 annual membership fee, Amazon promised Dr. Ekin, like all Prime Program Members, free shipping on his Prime-Eligible purchases, and that the prices of Prime-Eligible items would not be increased by the inclusion of shipping charges.

3.7    ***Amazon's Breach of Obligation to Dr. Ekin and Other Prime Program Members.***  Because Amazon induced FBA Vendors to include shipping charges in the prices of FBA Prime-Eligible items, Dr. Ekin and other Prime Program Members did not receive the promised benefits.  Instead, Amazon's FBA pricing program resulted in Prime-Eligible items being routinely offered for sale through FBA Vendors at prices inflated by shipping charges as described above, despite Amazon's free shipping promise.

3.8    ***Resulting Harm to Dr. Ekin and Other Prime Program Members.***  Dr. Ekin and other Prime Program Members were harmed and deceived by Amazon's activity because they paid the $79 annual Prime Program membership fee solely for the benefit of free shipping.  However, the prices of FBA items offered to them as Prime Program Members were routinely inflated to include shipping charges.

COMPLAINT – CLASS ACTION – 4
[Case No. 2:14-cv-00244]

## IV.  APPLICABLE LAW

4.1     *Washington Law.*  The applicable Amazon-prepared agreements with Prime Program Members provide that Washington law applies to any and all claims of Prime Program Members, including Plaintiff and each proposed class member.

## V.  CLASS ACTION ALLEGATIONS

5.1     *The Class*.  Plaintiff brings this suit as a class action on behalf of himself and all other United States residents similarly situated as members of a proposed plaintiff class ("Class") pursuant to Rule 23(b)(3).  The Class is defined as follows:

> All persons and entities residing in the United States who became Amazon Prime members at any time from October 24, 2007 until February 22, 2011, and paid one or more $79 annual Prime membership fees during that Class period.

> Excluded from this Class are:  (a) defendant, any entity in which defendant has a controlling interest or which has a controlling interest in defendant; (b) defendant's employees, agents, predecessors, successors or assigns; (c) the judge and staff to whom this case is now or hereafter assigned, and any member of the judge's immediate family; and (d) plaintiff's counsel and their immediate families.

5.2     *Numerosity*. Upon information and belief, the Class consists of well over one million members and is so numerous that individual joinder is impracticable.

5.3     *Commonality and Predominance*.  Common questions of law and fact predominate over any questions affecting only individual Class members.  Some of the common legal and factual questions include:  (a) whether shipping charges were routinely included in the prices of FBA Prime-Eligible items; (b) whether the routine inclusion of shipping charges in the prices of FBA Prime-Eligible items constitutes a breach of Amazon's promise to Prime Program Members that shipping charges would not be included in the prices of items offered for sale as FBA Prime-Eligible; (c) whether Washington law applies to the claims of all Class members; and

COMPLAINT – CLASS ACTION – 5
[Case No. 2:14-cv-00244]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

(d) whether Amazon's activity was unfair and deceptive in trade or commerce, adversely impacting the public interest.

5.4   *Typicality*.  For the following non-inclusive reasons, Plaintiff's claims are typical of those of the Class members.  (a) Plaintiff, like all Class members, became an Amazon Prime Program Member during the period that the Terms and Conditions governing his Amazon Prime Program membership provided that:   (i) disputes involving an "aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 shall be adjudicated in any state or federal court in King County, Washington …"; and (ii) "the laws of the state of Washington … will govern … any dispute of any sort that might arise between you and Amazon…"; and (b) Amazon continually breached its promise to Plaintiff and Prime Program Members that shipping charges would not be included in the prices of items offered for sale as FBA Prime-Eligible.   Shipping charges were, throughout the Class period, routinely included in the prices of FBA Prime-Eligible items.

5.5   *Adequacy.*   Plaintiff will fairly and adequately represent the Class because his interests are not adverse to those of the Class and he suffered harm similar to that suffered by the Class he seeks to represent.   He has retained experienced counsel competent in class action litigation.   The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.   Neither Plaintiff nor undersigned counsel has any interest that may inhibit or obstruct the vigorous pursuit of this action.

5.6   *Class Form Superior to All Other.*   This class action is superior to the other available means for the fair and efficient resolution of the claims of Plaintiff and the proposed Class members.   The relief sought per individual member of the Class is small relative to the burden and expense of prosecuting claims against Amazon.   It would be virtually impossible for the Class members to seek redress on an individual basis.  Given the similar nature of Class members' claims and the contractual provision

COMPLAINT – CLASS ACTION – 6
[Case No. 2:14-cv-00244]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

designating the laws of the State of Washington as governing, a nationwide class could be managed by this court. A significant economy of scale exists in concentrating the litigation in this forum.

5.7     *Individual Prosecution Unlikely and Unreasonable.*  Plaintiff and his counsel are not aware of any interest that members of the Class would have in individually controlling the prosecution of separate actions, especially given: (a) the relatively small size of each individual claim; and (b) the cost, expense and difficulty of litigating against one of the largest companies in the United States. Plaintiff and his counsel are not aware of any actions already commenced on behalf of members of the Class alleging similar claims or seeking similar relief.

## VI.  CAUSE OF ACTION:  BREACH OF CONTRACT

6.1     *Incorporation*.  The preceding paragraphs are re-alleged and incorporated herein.

6.2     *Amazon's Breach of Its Contractual Obligation to Prime Program Members*.  The routine inclusion and encouragement of inclusion of shipping charges in the prices of FBA Prime-Eligible items constitutes a breach of Amazon's promise to Prime Program Members that shipping charges would not be included in the prices of items offered for sale as FBA Prime-Eligible, and violates Amazon's agreement that shipping would be "free."

6.3     *Loss and Causation.*  As a direct result of Amazon's breach, Plaintiff and the Class members were harmed by Amazon's conduct, and Amazon was unjustly benefited at the expense and to the detriment of Plaintiff and the Class members.

## VII.  SECOND CAUSE OF ACTION:  VIOLATIONS OF WASHINGTON CONSUMER PROTECTION ACT

7.1     *Incorporation*.  The preceding paragraphs are re-alleged and incorporated herein.

COMPLAINT – CLASS ACTION – 7
[Case No. 2:14-cv-00244]

7.2     *Washington Consumer Protection Act Violations.*

7.2.1   Amazon had a statutory duty to refrain from unfair or deceptive acts or practices in trade and commerce.

7.2.2   Amazon's conduct, described above, was unfair and deceptive in trade and commerce.

7.2.3   Amazon's unfair and deceptive conduct in trade and commerce, described above, impacted the public interest, and Plaintiff and the Class he seeks to represent were proximately harmed as a result.

7.3     *Consumer Protection Act Relief*.   The Washington Consumer Protection Act entitles Plaintiff and Class members to actual damages and other relief, such as attorneys' fees, costs and treble damages, as provided for in RCW 19.86.

## VIII. RELIEF REQUESTED

Plaintiff requests the following relief:

8.1     *Class Certification.*   Certification of the action as a class action and appointment of Plaintiff as Class representative and his counsel of record as Class counsel;

8.2     *Damages.*   An award of actual/compensatory damages in an amount to be proven, and consisting of, among other things, a refund of all annual Prime Program membership fees paid during the Class period;

8.3     *CPA Damages*.   Treble damages as provided under the Washington Consumer Protection Act;

8.4     *Attorneys' Fees and Costs*.   The costs of bringing this suit, and reasonable attorneys' fees and costs for prosecuting it;

8.5     *Interest.*   Pre- and post-judgment interest on all amounts as permitted by law; and

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

8.6     ***Other Relief.***   All further relief, of any type or nature, that this Court determines is just, equitable or necessary.

## IX.  JURY DEMAND

9.1     Plaintiff respectfully demands a trial by jury.

DATED:  February 19, 2014.

> SIRIANNI YOUTZ
> SPOONEMORE HAMBURGER
>
> By *s/ Stephen J. Sirianni*
> By *s/ Chris R. Youtz*
> By *s/ Richard E. Spoonemore*
> By *s/ Eleanor Hamburger*
> By *s/ Charles D. Sirianni*
> Stephen J. Sirianni  (WSBA #6957)
> Chris R. Youtz  (WSBA #7786)
> Richard E. Spoonemore  (WSBA #21833)
> Eleanor Hamburger  (WSBA # 26478)
> Charles D. Sirianni  (WSBA #40421)
>     999 Third Avenue, Suite 3650
>     Seattle, WA  98104
>     Tel. (206) 223-0303
>     Fax (206) 223-0246
>     ssirianni@sylaw.com
>     cyoutz@sylaw.com
>     rspoonemore@sylaw.com
>     ehamburger@sylaw.com
>     csirianni@sylaw.com
> Co-counsel for Plaintiff
>
> —and—
>
> DAVID M. SIMMONDS
>
> By *s/ David M. Simmonds*
> David M. Simmonds  (WSBA # 6994)
>     c/o SIRIANNI YOUTZ SPOONEMORE HAMBURGER
> Co-counsel for Plaintiff

COMPLAINT – CLASS ACTION – 9
[Case No. 2:14-cv-00244]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
999 THIRD AVENUE, SUITE 3650
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246