The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DR. A. CEMAL EKIN, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON SERVICES LLC, a Nevada limited liability company,<br><br>Defendant. | No. C14-0244 JCC<br><br>**AMAZON'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)**<br><br>NOTE ON MOTION CALENDAR: August 29, 2014<br><br>Oral Argument Requested |

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-00244 JCC)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 2

    A. Amazon Prime. ............................................................................................................ 2

    B. Plaintiffs' Claims. ........................................................................................................ 4

    C. Dr. Ekin's Amazon Prime Membership ...................................................................... 5

    D. Ms. Burke's Amazon Prime Membership. ................................................................. 5

III. ARGUMENT ..................................................................................................................... 6

    A. Plaintiffs Bear the Burden to Establish Standing for Federal Subject Matter Jurisdiction. ................................................................................................................... 6

    B. Plaintiffs Must Show Injury-In-Fact to Establish Standing. ....................................... 8

    C. Dr. Ekin Has Suffered No Injury-in-Fact and Lacks Standing. .................................. 9

    D. Ms. Burke Has Suffered No Injury-in-Fact and Lacks Standing. ............................ 11

    E. Because the Court Lacks Subject Matter Jurisdiction, It Must Dismiss Plaintiffs' Complaint. .................................................................................................................. 12

IV. CONCLUSION ................................................................................................................ 13

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — i

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Allee v. Medrano*,
    416 U.S. 802 (1974) ..................................................................................................................8

*Amirhamzeh v. Chase Bank USA, N.A.*,
    2014 WL 641705 (C.D. Cal. Feb. 7, 2014) ..............................................................................9

*Berry v. Webloyalty.com, Inc.*,
    517 F. App'x 581 (9th Cir. 2013) .............................................................................................9

*Campbell v. Jilik*,
    2010 WL 2605239 (W.D. Wash. June 25, 2010) .......................................................7, 12, 13

*Demmick v. Cellco P'Ship*,
    2007 WL 789040 (D.N.J. Mar. 13, 2007) ..............................................................................10

*Dreier v. United States*,
    106 F.3d 844 (9th Cir. 1996) ...............................................................................................7, 8

*Epstein v. JPMorgan Chase & Co.*,
    2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014) .........................................................................9

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ..................................................................................................................8

*Gerlinger v. Amazon.com Inc.*,
    526 F.3d 1253 (9th Cir. 2008) ...................................................................................7, 11, 12

*Gladstone Realtors v. Vill. of Bellwood*,
    441 U.S. 91 (1979) ....................................................................................................................8

*Hammond v. Bank of N.Y. Mellon Corp.*,
    2010 WL 2643307 (S.D.N.Y. June 25, 2010) .......................................................................10

*Henry v. Circus Circus Casinos, Inc.*,
    223 F.R.D. 541 (D. Nev. 2004) ..............................................................................................13

*Holaway v. Protective Life Ins. Co.*,
    2007 WL 2904162 (M.D. Ga. Oct. 3, 2007) .........................................................................10

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — ii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Labora v. MCI Telecomms. Corp.*,
    1998 WL 1572719 (S.D. Fla. July 20,1998), *aff'd* 204 F.3d 1121 (11th
    Cir. 1999) ..................................................................................................................9, 10

*Lee v. Am. Nat'l Ins. Co.*,
    260 F.3d 997 (9th Cir. 2001) ..............................................................................10, 11

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ..........................................................................7, 8, 13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................7, 8

*Luman v. Theismann*,
    2014 WL 443960 (E.D. Cal. Feb. 4, 2014) ...............................................................9

*Noonan v. Sempris, LLC*,
    2013 WL 5569468 (W.D. Wash. Oct. 9, 2013) ...................................................9, 13

*Perez v. State Farm Mut. Auto. Ins. Co.*,
    2011 WL 5833636 (N.D. Cal. Nov. 15, 2011) ....................................................10, 11

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ................................................................................7, 8

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ...............................................................................12, 13

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003) ....................................................................................7

*Stanford v. Home Depot USA, Inc.*,
    358 F. App'x 816 (9th Cir. 2009) .......................................................................9, 13

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ..................................................................................................7, 8

*Thomas v. Mundell*,
    572 F.3d 756 (9th Cir. 2009) .......................................................................................7

*Tosh-Surryhne v. Abbott Labs. Inc.*,
    2011 WL 4500880 (E.D. Cal. Sept. 27, 2011) ............................................................9

*Warth v. Seldin*,
    422 U.S. 490 (1975) ...........................................................................................6,7, 9

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ..............................................................................8, 10

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — iii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Wolfe v. Strankman*,
    392 F.3d 358 (9th Cir. 2004) ..................................................................................7, 8

*Yapuna v. Global Horizons Manpower, Inc.*,
    254 F.R.D. 407 (E.D. Wash. 2008) ...........................................................................13

**State Statutes**

RCW 19.86 *et seq.* ..........................................................................................................5, 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................2, 7, 8, 13

**Constitutional Provisions**

U.S. Const. art. III ........................................................................................ *passim*

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — iv

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

To assert claims in federal court, a plaintiff must allege (and ultimately prove) he suffered an injury-in-fact as a result of the defendant's conduct. This is a fundamental requirement of Article III standing. Without standing, the Court lacks jurisdiction and must dismiss the action. Neither Plaintiff in this case has alleged any injury, and in fact, neither one suffered any injury. Because they lack standing, the Court must dismiss their claims.

This proposed class action targets Amazon Prime, a membership program that provides Amazon customers shipping benefits for products they purchase through Amazon.com. During the period Plaintiffs claim is at issue in this action (2007-2011), Prime members received free two-day shipping, discounted one-day shipping, and other benefits for an annual fee of $79. The shipping benefits applied to millions of products sold by Amazon and sellers in the Fulfillment by Amazon ("FBA") program, through which Amazon warehouses products and provides order fulfillment and customer service.

Plaintiffs contend Amazon promised Prime members "free shipping" and then "induced" FBA sellers to increase their product prices to include shipping costs. But Plaintiffs nowhere contend they did *not* receive free two-day shipping, which is what Amazon actually promised and provided. More fundamentally, neither Plaintiff suffered any injury for the claims they assert. Dr. Ekin signed up for a one-year Prime membership in December 2008, but he did not make any purchases from third-party FBA sellers during that year. He renewed his Prime membership for another year in December 2009, but eleven months later requested and received a full refund of his membership fee. Ms. Burke signed up for a Prime membership in February 2010; she did make three purchases from FBA sellers in that year, but in each instance, if she had not purchased through Prime, the charge for expedited shipping alone would have exceeded the product price. Thus, to make out a claim that these sellers increased prices to cover shipping costs, Ms. Burke would have to show they previously had *negative* prices, *i.e.*, the sellers would have paid customers to buy their products.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Because Plaintiffs cannot establish Article III standing to advance their own claims, they cannot purport to represent a class. The Court lacks subject matter jurisdiction and should dismiss this action with prejudice under Fed. R. Civ. P. 12(b)(1).

## II.   BACKGROUND

### A.   Amazon Prime.

Amazon Prime gives customers free two-day shipping, discounted one-day shipping, weekend shipping options, and other benefits for an annual fee—$79 in the period Plaintiffs claim is at issue (October 24, 2007-February 22, 2011, *see* First Amended Complaint, *Ekin v. Amazon Servs, LLC* ("FAC") ¶ 5.1 (Dkt. No. 5)).[1]  *See* Declaration of Karen Ressmeyer ("Ressmeyer Decl.") ¶¶ 2-3 & Exs. A-B. The shipping benefits apply to millions of products, which are designated on the Amazon.com website by the logo ✓Prime. *See* FAC ¶ 3.1.

Products are offered and sold on Amazon.com by Amazon itself and by two types of third-party sellers. Most third-party merchants fulfill customer orders and store and ship products themselves, while Amazon handles customer orders and payments. *See* Declaration of Karen Haberkorn ("Haberkorn Decl.") ¶ 2. Some third-party sellers participate in the FBA program; they ship their products to Amazon fulfillment centers, and Amazon warehouses, picks, packs, ships, and provides customer service when customers purchase the products through Amazon.com. *Id.*; *see* FAC ¶ 3.3. FBA sellers pay Amazon certain fees for these services, but do not pay any fees for shipping products to customers.[2]

With some exceptions, products sold by Amazon itself and ones sold by FBA sellers are eligible for Amazon Prime free two-day shipping and discounted one-day shipping.

---

[1] Amazon Prime now also provides free streaming video, books available through Kindle, and a vast library of free music downloads, and the annual fee is $99. *See* Ressmeyer Decl. ¶ 2.

[2] FBA sellers pay fees for inventory storage, order handling, "pick and pack" services, and weight handling. *See* http://www.amazon.com/gp/help/customer/display.html/ref=hp_left_sib?ie=UTF8&nodeId=200684560.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Haberkorn Decl. ¶ 3. Products sold by other third-party merchants that fulfill orders on their own are not "Prime eligible," and customers purchasing these products must pay shipping charges. *See id.* For non-Prime customers, products sold by Amazon and by FBA sellers are eligible for free slower shipping (5-8 business days) for purchases of qualifying products that total more than a specific dollar amount ($25 in 2007-2011, $35 today). *Id.* Product listings on the website identify each vendor offering a product. *Id.* ¶ 4. For every product, Amazon.com also provides a page identifying all sellers' offers, sorted from lowest to highest total price, *i.e.*, the product price plus shipping charges, which are listed separately. *Id.* & Ex. G.

Amazon's shipping rates vary depending on product type, size and weight. *See id.* ¶¶ 5-6 & Exs. H-I. For some product categories (*e.g.*, books, CDs and DVDs), shipping charges are fixed on a per item basis, while for others, the charges vary by weight. *Id.* ¶ 6. Charges also differ based on shipping speed. Thus, for example, customers who are not Prime members pay shipping charges of $3.99, $11.98, and $17.98 when buying a book (for standard, one-day or two-day shipping, respectively) and $2.98, $7.98 and $11.98 when buying a CD or DVD. *Id.*[3]

However, Prime members buying Prime-eligible products do not pay these rates. Instead, they receive free two-day shipping and one-day shipping at a discounted rate of $3.99 per item. *Id.* ¶ 7; Ressmeyer Decl. Exs. A-B. The following table summarizes the shipping charges for Prime and non-Prime customers and purchases:

|           | Standard Shipping | Two-Day Shipping | One-Day Shipping |
|-----------|-------------------|------------------|------------------|
| Prime     | FREE              | FREE             | $3.99            |
| Non-Prime | $3.99             | $11.98           | $17.98           |

Haberkorn Decl. ¶ 8 (example shows 2010 charges for a book priced under $25).

---

[3] As noted, this refers to standard shipping charges in effect in the period Plaintiffs claim is at issue; the rates have since changed. Haberkorn Decl. ¶¶ 5-9.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Amazon offers free thirty-day trials of Amazon Prime. Ressmeyer Decl. ¶ 4. Customers who accept a free Prime trial period offer may cancel at any time within the free trial period without incurring any charges. *Id.* Customers who decide to continue their Prime membership are charged the annual fee when the trial ends. *Id.* Membership continues until a customer cancels, and Amazon charges the fee to a customer's credit card each year. *Id.* The Amazon Prime Terms & Conditions ("Prime Ts & Cs"), which every customer must accept to sign up for Amazon Prime, spell out these terms. Ressmeyer Decl. Exs. A-B.

### B. Plaintiffs' Claims.

Plaintiffs assert a putative class action on behalf of "[a]ll persons and entities residing in the United States who became Amazon Prime members at any time from October 24, 2007 until February 22, 2011, and paid one or more $79 annual Prime membership fees [sic]" during that period. FAC ¶ 5.1; *see also* Complaint, *Burke v. Amazon Servs. LLC*, No. 2:14-cv-335 ("Burke Compl.") ¶ 27 (Dkt. No. 1). Both Plaintiffs allege they were Prime members at certain times between 2008 and 2010. FAC ¶ 3.6; Burke Compl. ¶ 6

Plaintiffs acknowledge they accepted and are bound by the Prime Ts & Cs and the Amazon.com Conditions of Use. FAC ¶¶ 2.2, 5.4; Burke Compl. ¶¶ 10, 32, 38. They did not provide these agreements nor mention their actual terms in their complaints, but instead contend Amazon promised Prime members "free shipping" and "that shipping charges would not be included in the prices of items offered for sale as Prime Eligible." FAC ¶¶ 3.2, 3.6. Plaintiffs further allege Amazon "induced" or "advised FBA vendors to include shipping charges in the prices of FBA Prime-Eligible items" and FBA sellers "routinely inflated [prices] to include shipping charges." *See id.* ¶¶ 3.4, 3.7, 3.8.[4] Plaintiffs claim

---

[4] The complaint provides no factual basis to allege that Amazon Prime promises "free shipping" (rather than free two-day shipping), does not contend that Amazon in any way sets FBA sellers' prices, and cites no instance when an FBA seller increased any product price, as they allege. Amazon addresses these flaws in its accompanying 12(b)(6) motion.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Amazon "harmed and deceived" them and other Prime members because they paid the $79 fee "solely for the benefit of free shipping." *Id.* ¶ 3.8. They allege claims for breach of contract and violation of the Washington Consumer Protection Act, RCW ch. 19.86, *see* FAC ¶¶ 6.2-6.3, 7.2-7.3; Burke Compl. ¶¶ 37-46. Plaintiffs seek as damages "a refund of all annual Prime Program membership fees paid during the Class period." FAC ¶ 8.2.

### C.     Dr. Ekin's Amazon Prime Membership.

Dr. Ekin alleges he was a Prime member "[f]rom December 2008 through December 2010 … and paid the annual membership fee of $79 to Amazon." FAC ¶ 3.6. He seeks a refund of the fees he paid during this time. FAC ¶ 8.2. Dr. Ekin signed up for Amazon Prime on December 5, 2008, and paid the $79 membership fee. *See* Haberkorn Decl. ¶ 11. But Dr. Ekin made no purchases from any FBA sellers in 2008-2009, and this was the only year for which he ever paid the membership fee. *Id.*

Dr. Ekin initially paid an additional annual membership fee of $79 on December 6, 2009. *Id.* ¶ 12. But eleven months later, on November 8, 2010, Dr. Ekin contacted Amazon customer service seeking to cancel and requesting a refund of the $79 membership fee. *Id.* Under the Prime Ts & Cs, he was not entitled to a refund (he had used the Prime shipping benefit for 40 items), but Amazon gave him a full refund as a courtesy. *Id.*

Moreover, over the last eight years, Dr. Ekin repeatedly has used Prime's benefits without paying for them. He first became a Prime member in January 2006 and cancelled a month later, receiving a refund of the $79 fee. *Id.* ¶ 10. After his 23-month membership from December 2008-November 2010, he signed up twice more, in June 2012 and July 2013, cancelling each time before the free trial period ended, and again receiving the shipping benefits without paying any fee. *Id.* ¶ 13.

### D.     Ms. Burke's Amazon Prime Membership.

Ms. Burke does not indicate when she became an Amazon Prime member, but alleges she "utilized the Amazon Prime 'free shipping' service at least eighteen times from January 11, 2010 through December 14, 2010." Burke Compl. ¶ 6. In fact, Ms. Burke first

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

signed up for Amazon Prime on February 24, 2007, and continued her membership until April 16, 2008, when she cancelled and received a refund of the $79 fee.  Haberkorn Decl. ¶ 15.  She signed up again on February 15, 2010 and has renewed her Prime membership ever since, most recently on March 15, 2014, a week after filing her complaint.  *Id.* ¶ 16.

Ms. Burke's claims concern her Prime membership that began on February 15, 2010.  She received Prime shipping benefits on 64 items that year, but only three items involved purchases from FBA sellers (the other 61 items were directly from Amazon).  *Id.* ¶ 17.  She bought two books and a video game from FBA sellers on May 25, July 26, and December 14, 2010, and received free two-day shipping each time.  *Id.*  These purchases and the charges for each are:

| Date | Product | ASIN | Item Price | Shipping | Total |
| --- | --- | --- | --- | --- | --- |
| May 25, 2010 | Book | *****5861 | $3.15 | FREE | $3.15 |
| July 26, 2010 | Book | ******8987 | $11.00 | FREE | $11.00 |
| Dec. 14, 2010 | Game | ******IG60 | $4.99 | FREE | $4.99 |

*Id.*[5]  If Ms. Burke had not been a Prime member, or if she had chosen to purchase these items from non-FBA third-party sellers, she would have had to pay significantly more to receive two-day shipping on these items.  *See id.* ¶¶ 8, 17.  Those shipping charges would have been more than the cost of the items she purchased.  *See id.*

### III.   ARGUMENT

**A.   Plaintiffs Bear the Burden to Establish Standing for Federal Subject Matter Jurisdiction.**

Standing is a prerequisite for federal court jurisdiction, rooted in the case-or-controversy requirement of Article III.  U.S. Const. art. III, § 2; *see Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009); *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253, 1255 (9th Cir. 2008) (standing is a "jurisdictional

---

[5] For Ms. Burke's privacy, Amazon does not list here the book or game titles and provides only a portion of the product identification codes (the ASIN).  Amazon will provide to Plaintiffs' counsel complete information concerning these and all of Plaintiffs' purchase transactions.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

prerequisite to the consideration of any claim" in federal court); *Campbell v. Jilik*, 2010 WL 2605239, at *2 (W.D. Wash. June 25, 2010) (standing "is an absolute prerequisite to federal subject matter jurisdiction"). It is therefore a threshold issue in every federal case. *Thomas*, 572 F.3d at 760; *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). The Court "must resolve challenges to its jurisdiction before addressing the case on its merits" because if the Court "lacks subject-matter jurisdiction, its duty is clear"—it must dismiss the case. *Campbell*, 2010 WL 2605239, at *4; *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

A motion challenging standing is properly brought under Fed. R. Civ. P. 12(b)(1). Because standing is an indispensable part of a plaintiff's case and not a mere pleading requirement, the plaintiff bears the burden of establishing each element of standing "in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see Campbell*, 2010 WL 2605239, at *2.

A Rule 12(b)(1) motion about standing may assert either a facial challenge (the complaint does not show on its face that the plaintiff has standing) or a factual challenge (the complaint makes untrue allegations or omits facts demonstrating the plaintiff has no standing). *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A party asserting a factual attack may submit—and the Court may consider—declarations or other evidence. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (court's consideration of evidence beyond the complaint does not convert a 12(b)(1) motion into one for summary judgment). In resolving a factual challenge, the court "need not presume the truthfulness of the plaintiff's allegations," *Safe Air for Everyone*, 373 F.3d at 1039; *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), as the plaintiff must respond with evidence to satisfy its burden of establishing jurisdiction, *Wolfe*, 392 F.3d at 362; *see also Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Here, the Court could dismiss on a Rule 12(b)(1) facial challenge, as Plaintiffs' complaints nowhere allege they ever purchased any product from an FBA seller, much less that any such seller charged a higher price to include shipping costs. But this motion asserts a factual challenge, because the problems with Plaintiffs' attempts to invoke this Court's jurisdiction are not merely a pleading flaw. In fact, neither Dr. Ekin nor Ms. Burke suffered any injury and so they cannot establish standing no matter what they plead.

### B. Plaintiffs Must Show Injury-In-Fact to Establish Standing.

To establish the "irreducible constitutional minimum of standing" under Article III, a plaintiff must establish three elements: injury in fact, causation, and redressability. *See Steel Co.*, 523 U.S. at 102-04; *Lujan*, 504 U.S. at 560-61 (internal citations and quotation marks omitted). Injury in fact means the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560; *see also Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) (plaintiff's injury must be "distinct and palpable" (quoting *Warth*, 422 U.S. at 501)).

These requirements apply equally to class actions. "[I]n class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lierboe*, 350 F.3d at 1022 (internal quotation omitted); *see also Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (named plaintiff must be a member of the class he seeks to represent). He cannot establish standing by borrowing it from other putative class members. *Lierboe*, 350 F.3d at 1022; *see also Allee v. Medrano*, 416 U.S. 802, 829 (1974) ("Standing cannot be acquired through the back door of a class action.") (Burger, C.J., concurring and dissenting). Thus, Plaintiffs here must establish standing in their own right and may not rely on injuries allegedly "suffered by other, unidentified members of the class [they] purport to represent." *Warth*, 422 U.S. at 502.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### C. Dr. Ekin Has Suffered No Injury-in-Fact and Lacks Standing.

Dr. Ekin cannot establish injury-in-fact for two simple reasons: (1) he received a full refund for his 2009-2010 Amazon Prime membership; and (2) he made no purchases from FBA sellers in 2008-2009, the only year when he *did* pay for Prime membership.

Under well-settled law, when a defendant reimburses a plaintiff for claimed losses before the plaintiff files suit, no case or controversy exists. In *Berry v. Webloyalty.com, Inc.*, 517 F. App'x 581 (9th Cir. 2013), for example, the Ninth Circuit held the district court should have dismissed the plaintiff's complaint for lack of jurisdiction because "[t]he record reveal[ed] Berry was fully compensated by Webloyalty.com for the $36.00 charged against his debit card," and so he had "no injury in fact sufficient to support Article III standing." *Id.* at 582. In *Stanford v. Home Depot USA, Inc.*, 358 F. App'x 816 (9th Cir. 2009), the plaintiff in a putative class suit claimed Home Depot failed to obtain a permit to install a water heater and charged him more for the permit than the municipality charged. *Id.* at 817. But Home Depot refunded the excess permit charge the day after plaintiff's purchase, and the permit issued before he filed suit. *Id.* The Ninth Circuit held that, "[s]ince he had no injury when this action was brought, plaintiff did not satisfy Article III standing requirements." *Id.* at 819. This Court reached the same result in *Noonan v. Sempris, LLC*, 2013 WL 5569468, at *2 (W.D. Wash. Oct. 9, 2013), where the plaintiff failed to "satisfy [her] burden of establishing the existence of an actual injury at the time [the] action was brought" because she had received "a full refund before she even filed suit." When a defendant has reimbursed a plaintiff before suit, "any claim brought at that point is an unnecessary call upon [the] court's resources." *Tosh-Surryhne v. Abbott Labs. Inc.*, 2011 WL 4500880, at *3 (E.D. Cal. Sept. 27, 2011). Many other cases are to the same effect.[6]

---

[6] *See, e.g.*, *Luman v. Theismann*, 2014 WL 443960, at *4-5 (E.D. Cal. Feb. 4, 2014) (no case or controversy because plaintiff received a refund two months before filing suit); *Amirhamzeh v. Chase Bank USA, N.A.*, 2014 WL 641705, at *7 (C.D. Cal. Feb. 7, 2014) (dismissing class action complaint for lack of standing because "Plaintiff's allegations were mooted by receipt of the pre-litigation refund"); *Epstein v. JPMorgan Chase & Co.*, 2014 WL 1133567, at *7 (S.D.N.Y. Mar. 21, 2014) (dismissing complaint when defendant had reimbursed plaintiff and so he had no actual injury); *Labora v. MCI Telecomms. Corp.*, 1998 WL 1572719, at *3 (S.D. Fla. July 20,1998) ("no

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Dr. Ekin has already been made whole and suffered no loss for his Prime membership that began in December 2009. Amazon gave him a full refund more than three years ago, even though he was not entitled to it. Haberkorn Decl. ¶ 12. Notably, this was shortly after Dr. Ekin wrote blog posts on his website about Amazon Prime, making accusations largely the same as his claims here. *See* Simmonds Decl. ¶ 4 (Dkt. No. 14) (Plaintiffs' counsel solicited Dr. Ekin to act as class plaintiff based on his August 14, 2010 posts). Dr. Ekin filed suit to obtain a "refund of [his] annual Prime Program membership fees," FAC ¶ 8.2, but he got that long ago for his 2009-2010 membership and so cannot claim injury for that period now.

Dr. Ekin also cannot show any injury for his Prime membership that began in December 2008—the only year for which he paid a membership fee—because he did not make any purchases from FBA sellers in that year. Haberkorn Decl. ¶ 11. To establish standing, Dr. Ekin must "show, *inter alia*, that he has actually been injured by the defendant's challenged conduct." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001). In *Lee*, for example, the plaintiff brought a putative class action against two related insurance companies, alleging they sold life insurance policies promising a "schedule of increasing dividends" that allegedly "were never realized." *Id.* at 999. But the plaintiff purchased policies from only one of the two companies, and the Ninth Circuit readily held that he therefore had no standing to sue the second company. The plaintiff could not "demonstrate the requisite injury" "because he did not buy any policy from [the second company] and so did not suffer any injury due to [its] conduct." *Id.* at 1002. *See also Perez v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 5833636, at *2 (N.D. Cal. Nov. 15,

---

actual, ongoing controversy" because it "is undisputed that [defendant] issued a credit to [plaintiff]"), *aff'd* 204 F.3d 1121 (11th Cir. 1999); *Hammond v. Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, at *5, 7-8 (S.D.N.Y. June 25, 2010) (plaintiffs lacked standing when they had been reimbursed for charges); *Holaway v. Protective Life Ins. Co.*, 2007 WL 2904162, at *1-2 (M.D. Ga. Oct. 3, 2007) (insured lacked standing where defendant refunded premiums before suit; "Plaintiff can't get what he already got."); *Demmick v. Cellco P'Ship*, 2007 WL 789040, at *5-6 (D.N.J. Mar. 13, 2007) (plaintiff in putative class action lacked standing where defendant had issued credits for overcharges).

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

2011) ("because Plaintiffs do not allege that they bought any insurance policies from any of the Moving Parties, it follows [they] did not suffer any injury due to the conduct of the Moving Parties, which means that Plaintiffs lack Article III standing").

Dr. Ekin premises his claims on the theory that Amazon "induced" FBA sellers to include shipping costs in their prices for Prime-eligible products, and claims he and other Prime members were "harmed and deceived" as a result. FAC ¶¶ 3.4-3.8. But Dr. Ekin cannot make such a claim in his own right when he did not buy any FBA products and so never paid any allegedly "inflated" FBA seller prices. Plaintiff simply cannot assert claims based on alleged conduct that did not affect him. Here again, Dr. Ekin suffered no injury and thus has no standing.

### D. Ms. Burke Has Suffered No Injury-in-Fact and Lacks Standing.

Like Dr. Ekin, Ms. Burke also does not describe her actual Prime transactions, likely because they show that she too did not suffer any injury based on the claims she alleges. Although Ms. Burke did make a few purchases from FBA sellers during the period for which she seeks a refund, she cannot show that she paid prices that were "inflated" to cover shipping costs.

For Ms. Burke's claims (and also for Dr. Ekin's), *Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253 (9th Cir. 2008), is instructive. In that case, the plaintiff brought antitrust claims challenging a joint marketing agreement under which Amazon operated a website for Borders. *Id.* at 1255. The plaintiff alleged he had been "forced to pay supra-competitive prices for [his] purchases" because of the agreement, but the defendants submitted evidence showing the prices plaintiff paid for books were the same as or less than before. *Id.* at 1256. Because the plaintiff "ha[d] not shown that he paid higher prices after the agreement than he would have paid otherwise," the Ninth Circuit held, he failed to "show[] any injury-in-fact caused by the agreement, and he therefore lacks Article III standing …." *Id.*

Ms. Burke has not alleged she paid higher prices for products from FBA sellers than she would have paid otherwise. Indeed, based on her actual purchases, such a claim would

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

not merely be implausible, but impossible. Under Plaintiffs' theory, Ms. Burke would have to show that, for some product she purchased from an FBA seller using Prime, she could have bought the same product from the seller previously (before the seller joined FBA) with the same shipping speed at a lower total cost. However, that would mean the sellers in Ms. Burke's case charged *negative product prices* before joining FBA. For example, Ms. Burke paid $3.15 for the book she purchased on May 25, 2010, but if she had not been a Prime member or the seller was not in FBA, the charge for two-day shipping alone would have been $11.98. Haberkorn Decl. ¶¶ 8, 17. Thus, for the seller to have "inflated" the book's price by including the cost of the benefit Prime provides (free two-day shipping), the prior price for the book would have had to have been –$8.83. The same is true for Ms. Burke's two other purchases from FBA sellers (requiring item prices of –98¢ and –$2.00,[7] respectively). *Id.* ¶¶ 8, 17. It is absurd to suggest that these (or any) sellers would pay customers to buy their products. Ms. Burke's actual transactions show the fallacy of Plaintiffs' claims, but more important here, they show that Ms. Burke has no injury-in-fact based on her claims.

E. **Because the Court Lacks Subject Matter Jurisdiction, It Must Dismiss Plaintiffs' Complaint.**

Given that Plaintiffs cannot show any injury-in-fact, they have no standing, and this Court has no subject matter jurisdiction. Thus, the Court's "duty is clear, and it performs that duty without discretion." *Campbell*, 2010 WL 2605239, at *4. "Without jurisdiction, the court cannot proceed at all …. [*T*]*he only function remaining to the Court is that of announcing the fact and dismissing the cause.*" *Id.* (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868) (emphasis added by the Court)). Moreover, because Plaintiffs "had no live claim and therefore no standing when the case was first brought," the Court may not allow the action to continue by substitution of a different representative plaintiff. *See Stanford*,

---

[7] Two-day shipping might not even have been available for the video game Ms. Burke purchased. *See* Haberkorn Decl. Ex. H.

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

358 F. App'x at 819; *Lierboe*, 350 F.3d at 1023.[8]  Thus, the Court should dismiss this action with prejudice.

### IV.   CONCLUSION

For these reasons, Amazon respectfully asks the Court to dismiss with prejudice Dr. Ekin's First Amended Complaint and Ms. Burke's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

DATED this 24th day of July, 2014.

                DAVIS WRIGHT TREMAINE LLP

                By: *s/ Rebecca Francis*
                    James C. Grant, WSBA #14358
                    Ambika K. Doran, WSBA #38237
                    Rebecca Francis, WSBA #41196
                    1201 Third Avenue, Suite 2200
                    Seattle, WA 98101-3045
                    Telephone: (206) 622-3150
                    Facsimile: (206) 757-7700
                    Email: jamesgrant@dwt.com
                            ambikadoran@dwt.com,
                            rebeccafrancis@dwt.com

                *Attorneys for Amazon Services LLC*

---

[8] *See also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560-61 (9th Cir. 2010) (refusing to allow absent class members to intervene where original named plaintiffs lacked a cognizable claim from the outset); *Noonan*, 2013 WL 5569468, at *4 (dismissing class action complaint for lack of standing and denying motion to amend to substitute a new named plaintiff); *Yapuna v. Global Horizons Manpower, Inc.*, 254 F.R.D. 407, 412 (E.D. Wash. 2008) (class claims dismissed where named plaintiffs lacked standing to sue defendant); *Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004) (same).

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 24th day of July, 2014.

        Davis Wright Tremaine LLP

        By *s/ Rebecca Francis*
          Rebecca Francis, WSBA #41196
          1201 Third Avenue, Suite 2200
          Seattle, Washington  98101-3045
          Telephone:  (206) 757-8136
          Fax:  (206) 757-7700
          E-mail:  rebeccafrancis@dwt.com

AMAZON'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) (C14-0244 JCC) — 14

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax