THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

DR. A. CEMAL EKIN,

CASE NO. C14-0244-JCC

10

Plaintiff,

ORDER RE PLAINTIFF'S MOTION
FOR CLARIFICATION OR 28 U.S.C.
§ 1292(B) CERTIFICATION

11

v.

12

AMAZON SERVICES, LLC,

13

Defendant.

14

15     This matter comes before the Court on Plaintiff's Motion to Clarify Order Compelling

16     Arbitration, or, in the Alternative, for Certification under 28 U.S.C. § 1292(b).  (Dkt. No. 44.)

17     Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral

18     argument unnecessary and hereby DENIES the Motion for the reasons explained herein.

19     **I.      BACKGROUND**

20          Plaintiff Dr. Cemal Ekin seeks to pursue a class action lawsuit against Defendant

21     Amazon Services, LLC based on what he alleges was Amazon's practice of encouraging certain

22     vendors to increase the base price of their products so as to recapture the revenue lost as a result

23     of providing free shipping to Amazon Prime members.  (First Amended Complaint, Dkt. No. 5 at

24     ¶¶ 3.4; 6.1-6.3; 7.1.)  This Court granted Amazon's Motion to Compel Arbitration (Dkt. No. 24)

25
26

on December 10, 2014.  (Order, Dkt. No. 43.)  We found that the Federal Arbitration Act,[1] the precedent set by *AT&T Mobility, LLC v. Concepcion,* 131 S. Ct. 1740 (U.S. 2011) and *Coneff v. AT&T Corp.,* 673 F.3d 1155, 1160-61 (9th Cir. 2012), and the fact that Plaintiffs accepted Amazon's broad "relating to any dispute" (past or present) arbitration clause[2] compelled the arbitration of Plaintiff's claims.

Plaintiff Dr. Ekin "respectfully disagrees" with the Court and states that he "has elected not to pursue arbitration of his dispute with Amazon," and instead "wishes to pursue his remedies on appeal to the Ninth Circuit."  (Plaintiff's Motion to Clarify, Dkt. No. 44 at 1.)  Accordingly, Plaintiff requests that the Court either "dismiss his action as a result of the Order or, in the alternative, certify the Order for appeal."  (*Id.*)  We deny both requests for the reasons discussed below.

## II.    DISCUSSION

### A.    Plaintiff's Request for Clarification

The Court declines to dismiss this action.

In its Motion to Compel Arbitration, Amazon explicitly moved for a stay, not dismissal. (Dkt. No. 24 at 1, 17-18.)  Nothing in our responsive Order (Dkt. No. 43) suggests that our "[g]ranting [of] Defendant's Motion to Compel Arbitration" was in part only, or that this case was to be dismissed contrary to the prevailing party's request.

That our Order included an implied stay is amply supported by Ninth Circuit precedent. In *MediVas, LLC v. Marubeni Corp.,* the Court of Appeals expressed a strong preference that arbitratable cases be stayed rather than dismissed.  741 F.3d 4 (9th Cir. 2014).  Specifically, the Court "adopt[ed] a rebuttable presumption that an order compelling arbitration but not explicitly dismissing the underlying claims stays the action."  (*Id.* at 9.)  Plaintiff attempts to circumvent

---

[1] Providing that agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.
[2] (*See* Order, Dkt. No. 43 at 5, fn. 5.)

1  this rule by citing dicta contained in a footnote in which the *MediVas* Court posited that "a

2  dismissal allowing immediate appeal *might* be appropriate" if "no arbitration will actually take

3  place," (*id.* at 9, fn. 4 (emphasis added)), and then by declaring that arbitration will not take place

4  in this case because "[i]t was never my intention to, and I will not, pursue this case through

5  arbitration" (Ekin Declaration, Dkt. No. 49 at 1).

6         The *MediVas* Court's hypothetical rumination cannot be leveraged in the manner Plaintiff

7  proposes.  Even were we to interpret this footnote as Plaintiff urges, it would only allow this

8  Court *discretion* to dismiss the instant suit rather than to stay it.  However, we decline to exercise

9  any such discretion in Plaintiff's favor given that under these particular circumstances, this

10  would subvert the purposes and provisions of the FAA.  Section 16 of the FAA "provides that a

11  party may appeal from a district court order denying a motion to compel arbitration [while] a

12  party cannot appeal an order compelling arbitration."  *Bushley v. Credit Suisse First Boston,* 360

13  F.3d 1149, 1154 (9th Cir. 2004); *see also Johnson v. Consumerinfo.com, Inc.,* 745 F.3d 1019,

14  1022 (9th Cir. 2014) ("Congress intended to prohibit immediate appeals from the orders listed in

15  § 16(b)(1)-(4)," ensuring that arbitration proceed).  As the Supreme Court established in

16  *Concepcion*, a plaintiff may not avoid an arbitration agreement simply because he would prefer

17  to pursue class claims rather than arbitrate individually.  131 S. Ct. at 1750-51, 1753.  As

18  Defendant states:

19       [T]his dicta . . . cannot mean, as Dr. Ekin suggests, that the Court must

20       abide by *a plaintiff's* choice to dismiss without prejudice because he only
     wants to pursue claims on a class basis and therefore seeks to create

21       grounds for immediate appeal of an order compelling individual
     arbitration. . . . If *MediVas* stood for the proposition that a class plaintiff

22       could manufacture a basis to appeal without a 1292(b) certification, that
     would effectively read section 16 out of the FAA for putative class claims,

23       yet the Act permits no such exception.  It would also undermine
     Congress's intent to "move the parties to an arbitratable[3] dispute out of

24       court and into arbitration as quickly and easily as possible."

25  

26  [3] Plaintiff's professed intransigence with regard to arbitration does not make this suit unarbitra*table.*

ORDER RE PLAINTIFF'S MOTION FOR
CLARIFICATION OR 28 U.S.C. § 1292(B)
CERTIFICATION
PAGE - 3

1  (Amazon's Response, Dkt. No. 47 at 4-5 (citing *Moses H. Cone Memorial Hospital v. Mercury*
2  *Construction Corp.*, 460 U.S. 1, 22 (1983)).)

3        In sum, the Court declines to exercise any discretion (that Plaintiff argues) we possess to
4  dismiss this case.  We clarify, despite the fact that this is already implied by our Order, that
5  Plaintiff's case is stayed pending the arbitration in which the parties are to engage should
6  Plaintiff continue to desire resolution of his claims.

7        **B.**     **Plaintiff's Request for Section 1292(b)  Review**

8        The Court declines to certify this issue for appeal.

9        An interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is the only avenue allowed by
10  the FAA for appeal of an order staying the case and compelling arbitration.  9 U.S.C. § 16(b).
11  Section 1292 appeals are permitted only with the express approval of both the district court and
12  the court of appeals.  Such approval is only possible for rulings in which there is (1) a controlling
13  question of law, (2) which presents substantial grounds for difference of opinion, and when (3)
14  an immediate appeal will materially advance the ultimate termination of the litigation.  *In re*
15  *Cement Antitrust Litigation,* 673 F.2d 1020, 1026 (9th Cir. 1982); *see also Couch v. Telescope,*
16  *Inc.,* 611 F.3d 629, 633 (9th Cir. 2010) ("[c]ertification under § 1292(b) requires the district
17  court to expressly find in writing that all three § 1292(b) requirements are met.").  Consent to an
18  interlocutory appeal under Section 1292(b) is only granted in "exceptional situations."  *In re*
19  *Cement Antitrust Litigation,* 673 F.2d at 1026.

20        Plaintiff argues that the controlling and undecided question of law is whether a unilateral
21  change-in-terms provision in a contract renders any arbitration provision in that contract
22  unenforceable.  (Plaintiff's Motion, Dkt. No. 44 at 3.)

23        Neither in Plaintiff's Response to Amazon's Motion to Compel, nor in his instant Motion
24  for Certification for Appeal, can Plaintiff cite a Ninth Circuit Court of Appeals or Western
25  District of Washington case that holds that a unilateral change-in-terms provision, *by itself, with*
26

*no other elements of unconscionability,* is sufficient to render an agreement unenforceable.[4]
Plaintiff cites Ninth Circuit cases holding that contracts *that happened to contain* unilateral
change-in-terms provisions were unenforceable, but Plaintiff did not acknowledge the limits on
the application of these holdings.  To wit, in the chief case cited by Plaintiff, the Ninth Circuit
plainly stated that it was "draw[ing] no conclusion as to whether [the change-of-terms provision],
*by itself*, renders the contract unenforceable.  *Ingle v. Circuit City Stores*, *Inc.,* 328 F.3d 1165,
1179 fn. 23 (9th Cir. 2003) (emphasis added).

      Plaintiff does cite cases from other district courts, all from other states and some of which
lie outside the Ninth Circuit, and from other courts of appeal, holding that change-in-terms
provisions in contracts "destroy reciprocity and invalidate the arbitration clause as a matter of
law," including *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 206-07 (5th Cir. 2012);
*Morrison v. Amway Corp.*, 517 F.3d 248, 255 (5th Cir. 2008); *Dunmais v. American Golf*
*Corporation*, 299 F.3d 1216, 1219 (10th Cir. 2002); *In re Zappos, Inc. Consumer Data Security*
*Breach Litigation*, 893 F. Supp. 2d 1058, 1065-66 (D. Nevada 2012); *Phox v. Atriums*

---

[4] To reinstate our analysis from our December Order Compelling Arbitration: "[T]he cases cited by Plaintiffs do not actually support their assertion that Ninth Circuit precedent establishes that unilateral reservations of the right to change contract terms makes such contracts illusory, and thus per se invalid.  Plaintiffs' argument on this issue largely rests on *Pokorny v. Quixtar, Inc.,* 601 F.3d 987, 997-99 (9th Cir. 2010) and *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1179 (9th Cir. 2003).  However, in these cases, the Ninth Circuit simply included the presence of a unilateral change-in-terms provision [as] *one of several factors* supporting a finding of unconscionability and thus unenforceability.  For instance, in *Ingle,* the Ninth Circuit found an *employment* arbitration agreement unenforceable on numerous grounds, including that it was one-sided (employer claims against employees were not subject to the agreement), it contained a loser-pays provision, and it precluded several types of relief that would be available in court, *in addition to* the fact that it allowed Circuit City to unilaterally modify the arbitration agreement. 328 F.3d at 1174-79. . . . Similarly, in *Pokorny,* the Ninth Circuit found an agreement between a corporation and its distributors to be unenforceable for several reasons, such as the inclusion of a 'first-peek' at claims provision, a truncated limitations period, mandatory confidentiality, fee-shifting provisions, and even a provision giving preference to arbitrators that had been trained by the defendant corporation itself, *in addition to* a provision reserving the right to change the terms of the agreement.  601 F.3d at 998-1004."  (Order, Dkt. No. 43 at 5-6.)

1  *Management Co.*, 230 F. Supp. 2d 1279, 1283 (D. Kan. 2002); *Keanini v. United Healthcare*

2  *Services.*, 2014 U.S. Dist. LEXIS 98559 (D. Hawaii, July 21, 2014).  As we explained in our

3  Order, many of these cases are not particularly applicable and are distinguishable from Plaintiff's

4  situation on several salient points.

5      Moreover, the question of whether there are "substantial grounds for difference of

6  opinion" must be answered in context.  That there exist different opinions in other districts and in

7  the Fifth and Tenth Circuit Courts of Appeal does not mean that there is substantial ground for

8  difference of opinion *in the context in which this case is being litigated*.  The "substantial

9  difference in opinion" required for Section 1292 certification must be read in conjunction with

10 the requirement that this be a *controlling* question of law.  The findings of Nevada and Hawaii

11 district courts and the Tenth and Fifth Circuits do not control Plaintiff's case.  Rather, the

12 precedent of the Western District of Washington, and of the Ninth Circuit (if hypothetically,

13 Plaintiff's case were certified for appeal) control.  And in these jurisdictions, there is no

14 substantial difference of opinion on the issue of whether an *unexercised and general* change-in-

15 terms provision in a multi-faceted contract is *sufficient, by itself* to render an arbitration

16 agreement within that contract unenforceable.

17     As Defendant pointed out in its briefing on the Motion to Compel Arbitration, "neither

18 Washington courts nor the Ninth Circuit have ever held an arbitration agreement unenforceable

19 solely because it is in a contract that allows changes."  (Defendant's Reply, Dkt. No. 41 at 1.)  In

20 fact, they have found quite the opposite.  To once more reiterate our December Order

21 Compelling Arbitration:

22

23     Washington and Ninth Circuit courts have a history of enforcing contracts
        containing change-in-terms provisions.  *See e.g., Alaska Airlines, Inc. v.*
24     *Carey,* 395 F. Appx. 476, 479 (9th Cir. 2010) (holding that "Alaska
        Airline's unilateral right to modify the terms of the Mileage Plan do[es]
25     not make the plan an illusory contract").  In Washington, a contract is
        illusory only if it lacks all consideration and mutuality of obligation, *e.g.,*
26     the promisor has *no* obligations with regard to *any* parts of the contract.

*See e.g., Gress v. Conover Ins., Inc.,* 494 F. Appx. 772, 774 (9th Cir. 2012) ("The fact that [defendant] retained the right to unilaterally modify the contract did not render the agreement illusory, because the performance obligations remained fixed."); *Quadrant Corp. v. Am. States Ins. Co.,* 154 Wash. 2d 165, 184-85 (2005) (explaining that illusory contracts are those without *any* consideration.)  This is not the case here, where the contract between Amazon and its customers created several performance obligations for Amazon, the alleged breach of which forms the basis of this suit.

(Order Compelling Arbitration, Dkt. No. 43 at 6-7.)  The Washington and Ninth Circuit cases the Court cited in our Order Compelling Arbitration are not the only cases supporting the rule that change-in-terms provisions are not independently sufficient to render an arbitration clause unenforceable.  *See e.g., Search v. Bank of America, N.A.*, 2012 WL 4514285, at *5 (W.D. Wash. Oct. 2, 2012) ("As in *Rockwell*, BANA's 'change-in-terms notice was ... an invitation to enter into a new relationship governed by the modified terms.  Plaintiff accepted this invitation by failing to opt out and by continuing to use [her] card.'  Nothing about this process of offer and acceptance is illusory."); *L.A. Fitness International LLC v. Harding,* 2009 WL 4545079, at *4 (W.D. Wash. Nov. 25, 2009) ("*Even if* the modification clause . . . were to be considered unconscionable, its application is not at question here; severability would be appropriate and the remainder of the contract could stand.") (emphasis added); *Riensche v. Cingular Wireless, LLC*, 2006 WL 3827477, at *11 (W.D. Wash. Dec. 27, 2006) (unilateral right to change terms "does not [necessarily] render the agreement illusory or substantively unconscionable"); *Duncan v. Alaska USA Federal Credit Union, Inc.*, 148 Wash. App. 52, 73 (2008) ("It is beyond dispute that Washington law provides that 'a terminable-at-will contract may be unilaterally modified.'"); *Cascade Auto Glass, Inc. v. Progressive Cascade Insurance Co.*, 135 Wash. App. 760, 766 (2006); *Govier v. North Sound Bank*, 91 Wash. App. 493, 498 (1998) (employer may unilaterally amend policies in employee handbook).

At the point that there is near-complete uniformity in the Western District of Washington with regard to this issue, and at the point that this uniform position is consistent with Ninth Circuit rulings on the matter, Plaintiff has failed to satisfy the first two requirements for Section

1292 appealability.

Moreover, even were Plaintiff to satisfy these first two requirements, he could not satisfy the third. An immediate appeal will not materially advance the termination of this litigation. Instead, an interlocutory appeal of our decision would perpetuate the litigation, in direct contravention of the goals and purposes of the FAA.

Thus, Plaintiff satisfies *none* of the necessary conditions for granting a Section 1292 certificate of appealability.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion (Dkt. No. 44) is DENIED and this case is to remain STAYED pursuant to any arbitration in which the parties choose to engage. Plaintiff's request for a certificate of appealability is DENIED.

DATED this 10th day of February 2015.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER RE PLAINTIFF'S MOTION FOR
CLARIFICATION OR 28 U.S.C. § 1292(B)
CERTIFICATION
PAGE - 8